## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHLEEN GARBIRAS, : | |
| : | |
| Plaintiff, : | |
| : | **Civil Action No. 13-4016 (SRC)** |
| v. : | |
| : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, : | |
| : | |
| Defendant. : | |
| : | |
| : | |

**CHESLER,** District Judge

### INTRODUCTION

Plaintiff Kathleen Garbiras, pursuant to 42 U.S.C. §§ 1383(c)(3), 405(g), seeks review of the Commissioner of Social Security Administration's ("the Commissioner") decision denying her application for Social Security Disability Benefits.  Plaintiff argues that the decision is not supported by substantial evidence and should be reversed.  For the reasons set forth in this Opinion, the Commissioner's decision will be affirmed.

The focus of this dispute is the disability determination made by Administrative Law Judge Joel H. Friedman (the "ALJ") in his opinion dated March 13, 2009.  In brief, the ALJ found: at step three, that Plaintiff's impairments did not meet or equal any of the Listings; at step four, that Plaintiff retained the residual functional capacity to perform sedentary work limited to simple jobs in low stress settings, but had no past relevant work; and, at step five, that jobs existed in significant numbers that Plaintiff could perform.  The ALJ concluded that Plaintiff was not disabled during the relevant time period.

Plaintiff appeals this determination with two arguments: 1) at step four, the ALJ erred in his residual functional capacity determination; and 2) at step five, the ALJ gave the vocational expert a hypothetical that failed to include all of her impairments.

As to the challenge to the residual functional determination, Plaintiff's arguments are diffuse, and do not show a clear understanding of the burden of proof or the "substantial evidence" standard of review this Court must apply.

The claimant bears the burden of proof at steps one through four. Bowen v. Yuckert, 482 U.S. 137, 146 (1987). This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

The reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom. Williams v. Shalala, 507 U.S. 924 (1993) (citing Early v. Heckler, 743 F.2d 1002, 1007 (3d Cir. 1984)). If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual

inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 35 (3d Cir. 2001); see also Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

In determining whether there is substantial evidence to support the Commissioner's decision, the reviewing court must consider: "(1) the objective medical facts; (2) the diagnoses and expert opinions of treating and examining physicians on subsidiary questions of fact; (3) subjective evidence of pain testified to by the claimant and corroborated by family and neighbors; (4) the claimant's educational background, work history and present age." Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1973). "The presence of evidence in the record that supports a contrary conclusion does not undermine the Commissioner's decision so long as the record provides substantial support for that decision." Sassone v. Comm'r of Soc. Sec., 165 Fed. Appx. 954, 955 (3d Cir. 2006) (citing Blalock, 483 F.2d at 775).

Plaintiff argues: "The record before the ALJ contains no RFC findings that support a finding that Ms. Garbiras can perform the mental demands of sedentary sustained work activity." (Pl.'s Br. 13.) Plaintiff here misapprehends the burden of proof at step four. At step four, the Commissioner does not bear the burden of proof of absence of disability; to the contrary, it is Plaintiff who bears the burden of proof of disability. For Plaintiff to succeed on appeal in challenging a RFC determination, Plaintiff must show both that she offered substantial evidence of disability, and that the Commissioner's determination is not supported by substantial evidence.

As to the question of whether the RFC determination is supported by substantial evidence, Plaintiff does not challenge the ALJ's determination as to exertional impairments, but only as to non-exertional ones. The ALJ supported the RFC determination by citing several pieces of medical evidence. First, the ALJ cited the January 30, 2007 assessment by Dr. Tan.

3

(Tr. 50.)  Dr. Tan completed a mental residual functional capacity rating questionnaire and found moderate limitations on eleven out of twenty dimensions and no limitation on the rest.  (Tr. 315-316.)  Dr. Tan concluded: "Clt can understand and remember at least simple instructions.  She can maintain CPP in a low demand work setting."  (Tr. 317.)

Second, the ALJ cited Dr. Figurelli's psychological evaluation report dated January 17, 2007.  (Tr. 51.)  Dr. Figurelli reported observing problems with concentration and delayed recall.  (Tr. 308.)  Third, the ALJ cited a "Biopsychosocial Assessment Narrative" dated October 3, 2007.  (Tr. 51.)  While the ALJ cited the report as finding "intact speech, memory and concentration" (Tr. 51), the report makes no statements about concentration and says, "Speech and memory are intact."  (Tr. 397.)

On the basis of this evidence, the ALJ concluded that Plaintiff was "limited to simple, routine jobs in low contact, low stress settings."  (Tr. 49.)  The question for this Court, on review, is whether Dr. Tan's evaluation qualifies as substantial evidence supporting this conclusion.  Even though Dr. Tan did find moderate limitations on eleven mental assessment dimensions, he concluded that Plaintiff could understand and remember simple instructions, and could maintain concentration, persistence and pace in a low demand work setting.  (Tr. 317.)  This is substantial evidence supporting the ALJ's assessment of Plaintiff's non-exertional residual functional capacity.

Plaintiff also argues that, in making the residual functional capacity determination, the ALJ failed to perform a function-by-function analysis of her limitations.  In view of the fact that the ALJ's formulation of Plaintiff's non-exertional impairments was articulated in terms of functions (e.g., the ability to remember simple instructions), this Court does not see the basis for this argument.  The Third Circuit "does not require the ALJ to use particular language or adhere

to a particular format in conducting his analysis." <u>Jones v. Barnhart</u>, 364 F.3d 501, 505 (3d Cir. 2004).

As to the fifth step, Plaintiff contends that the ALJ presented to the vocational expert a hypothetical that failed to include all of Plaintiff's documented limitations. Plaintiff argues that the hypothetical did not include Plaintiff's problems with concentration. This argument is meritless. As noted above, Dr. Tan, even though he reported moderate impairments in the ability to concentrate, nonetheless concluded that Plaintiff could maintain concentration, persistence and pace in a low demand work setting. (Tr. 317.) The ALJ's hypothetical included "the non-exertional limitations that she would be limited first of all to simple, routine jobs in a low contact and low stress setting." (Tr. 95-95.) The ALJ's hypothetical faithfully recites the limitations stated by Dr. Tan.

In <u>Burns v. Barnhart</u>, 312 F.3d 113, 123 (3d Cir. 2002), the Third Circuit held: "Where there exists in the record medically undisputed evidence of specific impairments not included in a hypothetical question to a vocational expert, the expert's response is not considered substantial evidence." Plaintiff has not pointed to any medically undisputed evidence of specific impairments in the record that were not included in the hypothetical question to the vocational expert. The ALJ did not err at step five.

<u>**CONCLUSION**</u>

For the reasons stated above, this Court finds that the ALJ's decision is supported by substantial evidence and is affirmed.

                                        s/ Stanley R. Chesler
                                        STANLEY R. CHESLER, U.S.D.J.


Dated: September 12, 2014